IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| COMPUDATA SERVICES, INC. | : | |
| COMPUDATA HEALTH CORPORATION | : | Case No. 1-06-bk-01718 |
|     Debtors | : | |
| | : | (Jointly Administered with |
| COMPUDATA SERVICES, INC. | : | Case No. 1-06-bk-01719) |
| COMPUDATA HEALTH CORPORATION | : | |
|     Movant | : | |
|     v. | : | |
| | : | |
| MDI TECHNOLOGIES | : | |
|     Respondent | : | |

## OPINION

Compudata Services, Inc. and Compudata Health Corporation ("Debtors") filed a motion and an amended motion ("Amended Motion") requesting the Court to strike a competing plan of reorganization filed by MDI Technologies ("MDI"). For the reasons set forth below, an Order was entered denying the Amended Motion.[1]

## FACTUAL AND PROCEDURAL HISTORY

Compudata Services, Inc. and Compudata Health Corporation filed their petitions under chapter 11 on August 17, 2006. On February 1, 2007 an Order was entered granting Debtors' motion for joint administration of the cases. Both Debtors are operating as debtors-in-possession and are small business debtors as defined at 11 U.S.C. § 101(51D).

---

[1] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A), (L) and (O). This Opinion constitutes the findings of fact and conclusions of law required to be made pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 7052, which is made applicable to contested matters by FRBP 9014.

On June 5, 2007, Debtors filed a motion to enlarge the time within which to file a plan of reorganization.[2] The Pennsylvania Department of Revenue ("Revenue") filed a response in which it strenuously objected to extending exclusivity because the original period had long since expired without Debtors filing a motion to extend. Before a hearing was held on Debtors' motion, Revenue withdrew its objection with the understanding that Debtors were seeking only to extend the 300-day deadline and not the exclusivity period. On June 15, the Court entered an order extending the date by which Debtors were required to file a plan for ninety days. However, the Court's order erroneously stated that the period of exclusivity was extended, which clearly did not reflect the intention of the parties. Debtors then sought and obtained an order permitting Debtors to "dispense with a separate [d]isclosure [s]tatement so that there is only one hearing as allowed under 11 U.S.C. Section 1125(f)(1) and (3)."

On September 13, 2007, Debtors filed a joint consolidated disclosure statement and plan. Revenue and the United States Trustee filed objections to the disclosure statement, and Revenue also objected to certain provisions of the plan. MDI, which had been negotiating with Compudata Services, Inc. for the acquisition of its assets, filed competing plan on October 22, 2007.[3] Debtors moved to strike the competing plan filed by MDI arguing that it was filed in violation of the Court's June 15 Order extending exclusivity. On the same day, Debtors filed the Amended Motion, adding that if the Court determined that MDI's plan was not filed in violation

---

[2]In paragraph eight of the motion, Debtors requested an extension of the *exclusive* period to file a plan, but the other averments demonstrate that Debtors were seeking an extension of the 300-day filing deadline set forth in 11 U.S.C. § 1121(e)(2) – not the 180-day exclusivity period.

[3]Objections were filed to MDI's plan by Revenue and a limited objection to the plan approval process was filed by the United States Trustee.

of the June 15 Order, the plan still should be stricken because it was filed beyond the 90-day extension of the 300-day deadline set by the Court. MDI filed an objection to Debtors' Amended Motion, a motion to amend the June 15 Order, [4] and an objection to Debtors' disclosure statement and plan.

On November 6, 2007, a hearing was held on Debtors' disclosure statement and plan and on the Amended Motion. The Court sustained several of the objections to the disclosure statement and directed Debtors to file an amended disclosure statement and plan. The Amended Motion was taken under advisement.

## **DISCUSSION**

The issue before the Court is whether the 300-day plan deadline set forth in § 1121(e)(2) applies to a plan proponent other than the debtor. In a small business case, a debtor has the exclusive right to file a plan for 180 days after the filing of the petition. 11 U.S.C. § 1121(e)(1). Section 1121(e)(2) provides that "*the plan* and disclosure statement (if any) shall be filed not later than 300 days after the date of the order for relief; . . . 11 U.S.C. § 1121(e)(2) (emphasis added). Debtors argue that all plans filed in a chapter 11 case must be filed within 300 days of the order for relief unless an extension is granted. Because MDI did not file a plan either within 300 days of the filing of the petition or within the extension to 390 days granted to Debtors by the Court, its plan must be stricken. MDI counters that the deadline in § 1121(e)(2) applies only to debtors. To resolve this dispute, the Court must construe § 1121(e), which was amended by

---

[4] In the motion to amend the June 15 Order, MDI correctly states that the language in the June 15 Order that purports to grant Debtors an exclusive right to file a plan after the expiration of the 180-day exclusivity period is contrary to law. The June 15 Order was amended on November 13, 2007.

the Bankruptcy Abuse Prevention and Consumer Protection Act, of 2005, Pub. L. No. 109-8, §437, 119 Stat. 23 (2005).

The "starting point" when construing the words of a statute is "the existing statutory text." *Lamie v. United States Trustee,* 540 U.S. 526, 534, 124 S. Ct. 1023, 1030, 157 L. Ed.2d 1024 (2004). "It is well established that when the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms." *Id.* (citations and internal quotations omitted). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.,* 519 U.S. 337, 341, 117 S. Ct. 843, 136 L. Ed.2d 808 (1997) *quoting Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S. Ct. 3245, 3250, 73 L. Ed.2d 973 (1982).

Section 1121(e) places a small business case on a fast track to confirmation. In paragraph (e)(1), a debtor is given an exclusive period of 180 days in which to file a plan, which is sixty days longer than the 120-day provision governing a "large" case. *See* 11 U.S. C. § 1121(b). In "large" cases the period of exclusivity is limited to eighteen months after the order for relief. 11 U.S.C. § 1121(d)(2)(A). Although the exclusivity period may not be extended indefinitely in a "large" chapter 11 case, there is no specific date by which a debtor, or any other party, must file a plan. In a small business case, however, § 1121(e)(2) provides that *"the plan . . . shall be filed not later than 300 days after the date of the order for relief"* (emphasis added).

Whether § 1121(e)(2) applies to plan proponents other than the debtor depends on the meaning of the two-word phrase "the plan." When the statute requires that "the plan" be filed not

-4-

later than 300 days, is it referring to all plans that may be filed in a small business case or just to the debtor's plan? The meaning of the phrase is ambiguous in isolation, but the larger context provides useful clues.

Paragraph (e)(1) of § 1121 describes a debtor's 180-day exclusive period for filing a plan, which may be extended or limited by the court. Paragraph (e)(3) specifies that a court can extend the 180-day exclusivity period or the 300-day plan deadline if the *debtor* is able to prove by the preponderance of the evidence that the court will confirm a plan within a reasonable period of time. Both paragraphs (e)(1) and (e)(3) specifically state that they apply to the debtor. Neither one of these two provisions applies to other plan proponents. Sandwiched between these two provisions applicable only to a debtor's plan is paragraph (e)(2). This paragraph simply states that "the plan" must be filed no later than 300 days after order for relief is entered. When read together, paragraphs (e)(1) and (2) grant a debtor the exclusive right to file a plan for 180 days, but require that the debtor must file a plan within 300 days. If a debtor desires an extension of either the 180-day exclusivity period or the 300-day deadline, the debtor must meet the requirements of paragraph (e)(3). Therefore, a plain reading of the subsection leads the Court to conclude that when the statute states that "the plan" must be filed within 300 days, it is referring to the debtor's plan.

This conclusion is supported by examining how paragraph (e)(3) would operate if a non-debtor plan proponent wanted to obtain court approval of an extension of the 300-day deadline. If this paragraph were applied to a non-debtor, it would have to rely on the debtor to request an extension of time for it to file a competing plan. If the statute were construed in this manner, a debtor that had obtained an extension of the 180-day exclusivity period for an additional 120

-5-

days could make it impossible for a non-debtor to file a plan within the 300-day deadline. In order to obtain an extension of the plan deadline, the non-debtor proponent would have to prevail upon the debtor to request the court to extend the 300-day deadline. I am not inclined to conclude that Congress intended to hamstring non-debtor plan proponents in this manner. The alternative construction, which is that the phrase "the plan" in paragraph (e)(2) refers to the debtor's plan in paragraph (e)(1), is more logical and reasonable. *See In re Florida Coastal Airlines, Inc.,* 361 B.R. 286, 291 (Bankr. S.D. Fla. 2007)("It is wholly unreasonable to believe that Congress intended to put creditor plans at the mercy of a debtor's willingness to demonstrate that confirmation [of the creditor's plan] is probable.")

Accordingly, all of the provisions of § 1121(e) apply to plans filed by a debtor, but not to plans filed by other parties. In the within case, neither the 300-day deadline nor the 90-day extension of the 300-day deadline applies to MDI. For these reasons, the Amended Motion was denied.

By the Court,

*Mary D. France*
Bankruptcy Judge

Date: November 15, 2007

*This document is electronically signed and filed on the same date.*